Via Fax

1  Siobhan A. Cullen (SB No. 179838)
   DRINKER BIDDLE & REATH LLP
2  333 South Grand Avenue, Suite 1700
   Los Angeles, CA 90071-1504
3  Telephone: (213) 253-2300
   Facsimile:  (213) 253-2301
4  siobhan.cullen@dbr.com

5  *Of Counsel:*
   Gregg W. Mackuse
6  Heather C. Giordanella
   Katherine L. Villanueva
7  DRINKER BIDDLE & REATH LLP
   One Logan Square
8  18th & Cherry Streets
   Philadelphia, PA  19103
9  (215) 988-2700

10  Attorneys for Defendants
    ALL STAFFING, INC. AND
11  ANGELA COSTELLO

FILED

08 MAR 21  PM 12: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ cr

DEPUTY

12
13              UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15  DALRADA FINANCIAL              )   NOTICE OF REMOVAL
16  CORPORATION,                   )
                                   )
17          Plaintiff,             )   '08 CV 0528 WQH POR
                                   )
18      vs.                        )
                                   )
19  ALL STAFFING, INC., ANGELA     )
    COSTELLO, and DOES 1-50,       )
20                                 )
            Defendants.            )
21  _____  )

22              **NOTICE OF REMOVAL**

23
24      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants All Staffing, Inc. and

25  Angela Costello (collectively, "All Staffing") by and through their undersigned counsel,

26  Drinker Biddle & Reath LLP, hereby remove the above-styled action, which was pending

27  in the Superior Court of California, County of San Diego, to the United States District

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA:105953.v1                          1              NOTICE OF REMOVAL

1   Court for the Southern District of California.  In support of this Notice of Removal, All

2   Staffing avers as follows:

3       1.      On or around February 20, 2008, Plaintiff Dalrada Financial Corporation

4   ("Dalrada") filed a Complaint in the Superior Court of California, County of San Diego,

5   styled as *Dalrada Financial Corp. v. All Staffing, Inc., et al.*, No. 37-2008-00078379-CU-

6
7   CO-CTL (the "State Court Action").  A true and correct copy of the Complaint is attached

8   hereto as Exhibit A.

9       2.      Plaintiff has not yet effectuated service of the Complaint on All Staffing.

10
11      3.      On or about March 3, 2008, All Staffing learned of the State Court Action

12  and obtained a copy of the Complaint.

13      4.      Upon information and belief, Plaintiff Dalrada is a Delaware corporation

14  with its principal place of business located in San Diego, California.  *See* Compl. at ¶ 1.

15
16      5.      All Staffing is a corporation organized under the laws of the State of

17  Tennessee, with its principal place of business at 100 West Ridge Street, Lansford, PA,

18  18232.

19      6.      Diversity of citizenship exists between the parties because All Staffing is not

20
21  a citizen of California.  *See* 28 U.S.C. § 1441(b).

22      7.      Dalrada seeks, among other things, compensatory damages "in an amount *in*

23  *excess* of $50,000.00," together with exemplary and punitive damages, costs, and

24  attorney's fees and "such other and further relief as the Court may deem just and proper."

25
26  *See* Compl. at 1, 9-12 (emphasis added).

27      8.      Where the complaint does not specify an amount of damages, the Court may

28  make an independent appraisal of the value of the claim presented.  *Angus v. Shiley*, 989

1   F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low

2   end of an open-ended claim, but rather by a reasonable reading of the value of the rights

3   being litigated."); *see also Singer v. State Farm Mutual Auto Insurance Co.*, 116 F.3d 373,

4
5   376 (9th Cir. 1997). In making this independent appraisal, the Court must give the

6   complaint a "generous reading," and retain jurisdiction unless the claimed damages "could

7   not exceed" the jurisdictional amount. *Id.*

8          9.      As Dalrada seeks to recover compensatory damages "in excess of

9
10  $50,000.00," in addition to exemplary and punitive damages, attorneys' fees "and any

11  other relief deemed appropriate," even a conservative estimate of damages reveals that the

12  amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §

13  1332(a).

14
15         10.     Dalrada also claims that "Defendants have caused Dalrada irreparable injury

16  for which damages will not provide adequate relief, as Dalrada's business reputation

17  cannot be repaired." Compl. at ¶ 25. Thus, the amount of such damages being sought by

18  Dalrada is likely to exceed the jurisdictional threshold of $75,000.

19
20         11.     Upon information and belief, there are several thousand employees at issue

21  in the Complaint. Therefore, in the even that any fines are imposed by the Internal

22  Revenue Service against Dalrada, and Dalrada alleges that it is seeking recovery against

23  Defendants for any such fines imposed, again the damages exceed the $75,000

24  jurisdictional threshold.
25
26         12.     This Court therefore has jurisdiction over this matter based on the parties'

27  diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(a).

28

13.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within thirty (30) days after All Staffing learned that the State Court Action was removable.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, County of San Diego.

15.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon All Staffing are attached as Exhibit A.

WHEREFORE, All Staffing respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted.

DATED:  March 21, 2008                          DRINKER BIDDLE & REATH LLP

By: _Siobhan A. Cullen_
Siobhan A. Cullen

Attorney for Defendants All Staffing, Inc. and Angela Costello

*Of Counsel*
Gregg W. Mackuse
Heather C. Giordanella
Katherine L. Villanueva
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
(215) 988-2700

# EXHIBIT A

Mar 3 2008 06:19pm  P001/017
Received:                          Mar  3 2008 06:12pm
Mar 03 08 02:36p    ASI Employer Solutions    858-874-8679        p.1

1  John A. Mayers, Esq./CSB 149149
   Tina M. Pivonka, Esq./CSB #090268
2  Hannah L. Fabrikant, Esq./CSB #239751
   **MULVANEY, KAHAN & BARRY, LLP**
3  401 West A Street, 17th Floor
   San Diego, CA 92101-7994
4  Telephone:  619 238-1010
   Facsimile:  619 238-1981
5
   Attorneys for Plaintiff DALRADA FINANCIAL
6  CORPORATION, a Delaware corporation

7

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10  DALRADA FINANCIAL                   CASE NO. 37-2008-00078379-CU-CO-CTL
    CORPORATION, a Delaware
11  corporation,                        **COMPLAINT FOR CONVERSION,
                                        INTERFERENCE WITH PROSPECTIVE
12              Plaintiff,              ECONOMIC ADVANTAGE, BREACH OF
                                        IMPLIED-IN-FACT CONTRACT,
13  v.                                  PROMISSORY ESTOPPEL, CLAIM AND
                                        DELIVERY, APPOINTMENT OF A
14  ALL STAFFING, INC., a corporation;  RECEIVER, AND INJUNCTIVE RELIEF**
    ANGELA COSTELLO, an individual;
15  and DOES 1-50 Inclusive,
                                        Amount:  In excess of $50,000
16              Defendants.

17

18

19       Plaintiff DALRADA FINANCIAL CORPORATION, a Delaware corporation

20  ("Dalrada"), alleges and complains against Defendants, and each of them, as follows:

21                      <u>GENERAL ALLEGATIONS</u>

22       1.    Dalrada is a Delaware corporation with its principal place of business

23  located in San Diego, California.

24       2.    Dalrada is informed and believes and thereon alleges that Defendant ALL

25  STAFFING, INC. ("All Staffing") is, and at all times herein mentioned was, a corporation

26  carrying out business in San Diego County, California.

27       3.    Dalrada is informed and believes and thereon alleges that Defendant

28  ANGELA COSTELLO ("Ms. Costello") was the Chief Operating Officer of Dalrada, until

                              1

Mar 3 2008 06:19pm    P002/017

Received:                          Mar 3 2008 06:13pm
Mar 03 08 02:36p    ASI Employer Solutions    858-874-8679    p.2

1    September 4, 2007, and since that date has been the Vice President of Sales and

2    Operations of All Staffing, and is a resident of Pennsylvania.

3         4.     Dalrada is ignorant of the true names and capacities of Defendants sued

4    herein as Does 1 through 50, inclusive, and, therefore, sues those Defendants by such

5    fictitious names. Dalrada will amend this Complaint to allege their true names and

6    capacities when ascertained. Dalrada is informed and believes and thereon alleges that

7    each of these fictitiously named Defendants is responsible in some manner for the

8    occurrences herein alleged and that Dalrada's damages as herein alleged were

9    proximately caused by said Defendants' acts

10        5.     Dalrada is informed and believes and thereon alleges that each Defendant

11    is, and at all relevant times herein mentioned was, the agent, servant, employee and/or

12    joint venturer of each and every other Defendant, or in some manner allied in interest

13    with each other Defendant, such that each acted within the course, scope, and authority

14    of that relationship in doing the acts hereinafter alleged, so that Dalrada alleges each

15    Defendant is jointly and severally liable.

16        6.     At all times herein, Dalrada was a Professional Employer Organization

17    ("PEO") providing services to its clients such as outsourcing payroll, workers'

18    compensation services, and the administration of benefits. During the 2007 calendar

19    year, Dalrada performed the above services in the usual manner for the months of

20    January 1, 2007, through September 4, 2007. During this entire period, All Staffing was

21    also a PEO, owned by Dalrada.

22        7.     On September 4, 2007, Dalrada's assets, including its payroll accounts

23    and its interest in All Staffing, were seized by a secured creditor of Dalrada. Following

24    the September 4, 2007 seizure of Dalrada's assets, the secured creditor transferred

25    Dalrada's seized payroll accounts to All Staffing to administer. All Staffing then began

26    providing PEO services to the former Dalrada accounts, under the direction of Dalrada's

27    secured creditor.

28    ///

8.    Each PEO has its own individual Federal Tax Identification Number ("FEIN") which the Internal Revenue Service ("IRS") uses for identification. Dalrada is informed and believes and thereon alleges that All Staffing has been providing PEO services and issuing checks under Dalrada's FEIN number since September 4, 2007.

9.    As a PEO, Dalrada is required by the IRS to issue W-2, Wage and Tax Statement forms to each employee it provides PEO services to for each year. These W-2 forms must be completed and sent out to employees by the PEO's by January 31st of the new calendar year so the employees can prepare their income taxes.

10.    Over the past few months, Dalrada has repeatedly asked All Staffing to provide complete W-2 forms, or Dalrada's accounting data, so Dalrada could prepare the required W-2 forms for 2007. True and correct copies of the email messages to various members of All Staffing are attached hereto as **Exhibit "A"** and are incorporated herein by reference.

11.    Sometime after June 30, 2007, All Staffing sent to Dalrada prepared W-2 forms; however, these W-2 forms were incorrect as they only included the first two quarters of 2007, through June 30, 2007. The third and fourth quarter information necessary to complete the W-2 forms was never provided to Dalrada, despite repeated demands. Dalrada has made numerous attempts to contact Ms. Costello and other members of All Staffing requesting the missing information, but has been unsuccessful. As of February 20, 2008, the third and fourth quarter information required for Dalrada to comply with the Internal Revenue Code W-2 form requirement has still not been provided to Dalrada.

12.    As a result of All Staffing's actions, Dalrada is now unable to provide its employees with complete and correct W-2 forms in a timely manner and has inadvertently failed to meet the IRS Code deadline, through no fault of its own.

13.    As a further result, Dalrada has been required to engage the law firm of Mulvaney, Kahan & Barry, LLP for the purpose of bringing this action. Therefore, ///

MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

Received:
Mar 03 08 02:37p    ASI Employer Solutions    Mar 3 2008 06:14pm    Mar 3 2008 06:19pm  P004/017
858-874-8679    P.4

1  Dalrada is entitled to a further and additional sum as and for reasonable attorneys' fees
2  and costs which it has incurred in this action.

### FIRST CAUSE OF ACTION

#### Conversion

#### (Against All Defendants)

6   14.   Dalrada realleges each and every allegation contained in paragraphs
7  1 through 13 inclusive, and incorporates them herein by this reference.

8   15.   When the secured creditor seized Dalrada's assets and deposited them
9  with All Staffing, both companies were aware that Dalrada must conform with the
10 Internal Revenue Code and all other applicable laws, including the requirement that
11 Dalrada prepare W-2 forms for 2007 for its employees.  Also being a PEO, All Staffing
12 knew or should have known of the January 31st deadline.  Dalrada was and is an owner
13 of the records and documentation necessary to prepare the W-2 forms ("Property") and
14 All Staffing holds said Property in constructive trust for Dalrada.

15   16.   Beginning in October of 2007, Dalrada began asking Defendants for the
16 information it needed to complete the W-2 forms; however, despite repeated demands,
17 Defendants have neglected, failed, and/or refused to deliver the Property to Dalrada,
18 continue to neglect, fail, and/or refuse to deliver the Property to Dalrada, and have
19 converted the same to their own use.

20   17.   As a proximate result of Defendants' conversion, Dalrada has spent hours
21 of time attempting to achieve the return of the Property, sent out the W-2 forms
22 prepared by All Staffing, and will be required to re-send correct W-2 forms all to its
23 damage in an amount according to proof.

24   18.   As a further proximate result of Defendants' conversion, Dalrada may be
25 required to pay fines to the IRS for its inadvertent inability to send out full and complete
26 W-2 forms to the employees, all damage in an amount according to proof.

27   19.   Defendants' acts alleged above were willful, wanton, malicious, and
28 oppressive, and justify the awarding of exemplary and punitive damages.

Received:                                                    Mar 3 2008 06:14pm                Mar 3 2008 06:19pm    P005/017

Mar 03 08 02:38p    ASI Employer Solutions    858-874-8679                    p.5

1

## SECOND CAUSE OF ACTION

2          ### Interference With Prospective Economic Advantage

3                        ### (Against All Defendants)

4          20.    Dalrada realleges each and every allegation contained in paragraphs

5    1 through 19, inclusive, and incorporates them herein by this reference.

6          21.    Dalrada has been harmed irreparably, as it was and is unable to provide

7    its customers and employees the complete W-2 forms and financials for the last two

8    quarters of 2007 on a timely basis.    Defendants have further harmed Dalrada by

9    providing incorrect W-2 forms.  Defendants further harmed Dalrada by forcing Dalrada

10   to provide incomplete and incorrect information to its employees and customers, as

11   Dalrada was required to provide its customers and employees with the information

12   available before the required IRS deadline.

13         22.    Defendants knowingly disrupted Dalrada's dealings with its customers and

14   employees by not providing correct, timely information to Dalrada, thereby causing

15   Dalrada to breach its contracts with its customers and employees.  All Staffing and Ms.

16   Costello's actions effectively stained Dalrada's reputation and name in the community

17   and has exposed Dalrada to liability from the IRS by causing Dalrada to provide

18   incorrect and incomplete information to their customers and employees.

19         23.    The aforementioned acts of Defendants All Staffing and Ms. Costello were

20   willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and

21   punitive damages.

22         24.    Dalrada's relationships with its customers and employees have been

23   damaged, the amount of which has not yet been ascertained.

24         25.    Unless restrained by the Court, Defendants' actions threaten to, and will

25   continue to, disrupt business relations and relationships between Dalrada and its

26   customers and employees.  Defendants have caused Dalrada irreparable injury for

27   which damages will not provide adequate relief, as Dalrada's business reputation

28   cannot be repaired.

Mar 3 2008 06:19pm    P006/017
Received:                          Mar 3 2008 06:15pm
Mar 03 08 02:38p    ASI Employer Solutions    858-874-8679    p.6

26.   In addition to money damages according to proof, Dalrada requests that the Court order Defendants to immediately turn over the financial and tax data in electronic and paper form necessary to complete its W-2 forms, as well as all records relating to Dalrada so that Dalrada is not further damaged.

## THIRD CAUSE OF ACTION

### Breach of Implied In Fact Contract

### (Against All Defendants)

27.   Dalrada realleges each and every allegation contained in paragraphs 1 through 26, inclusive, and incorporates them herein by this reference.

28.   At the instance and request of All Staffing, Dalrada deposited money into All Staffing to purchase the company and keep it solvent, with the expectation fully and clearly understood by All Staffing and Ms. Costello that Dalrada would be privy to any information necessary, and that All Staffing would provide accurate and complete information to Dalrada.

29.   As a course of conduct in the POE industry and as fully understood by All Staffing, All Staffing understood and agreed to provide Dalrada with all information and documents necessary for Dalrada to prepare accurate and complete W-2 forms for the 2007 calendar year.

30.   All Staffing has breached the agreement by failing and refusing to provide Dalrada with the Property.

31.   Dalrada has performed all conditions required on its part.

32.   As a result of Defendants' failure to perform, Dalrada has/may incur liability to the IRS for not completing its W-2 forms in a timely manner, and its business reputation has been sullied as its customers and employees have not received their accurate and complete W-2 forms, all in an amount according to proof.

33.   As a further proximate result of Defendants' breach, Dalrada has been damaged as set forth above in an amount according to proof.

///

Received:
Mar 03 08 02:38p    ASI Employer Solutions    858-874-8679
Mar 3 2008 06:15pm
Mar 3 2008 06:20pm    P007/017
p.7

### FOURTH CAUSE OF ACTION

#### Breach Of Contract -Promissory Estoppel

#### (Against All Defendants)

34.    Dalrada realleges each and every allegation contained in paragraphs 1 through 33, inclusive, and incorporates them herein by this reference.

35.    When All Staffing received the Dalrada PEO assets from the secured creditor, All Staffing knew, or should have known, that Dalrada would be reasonably induced to rely on Defendants to provide Dalrada information for it to comply with the relevant Internal Revenue Codes.

36.    Dalrada was assured in email messages exchanged between Ms. Costello and Dalrada officials that such information would be provided to them.

37.    Dalrada reasonably relied on Defendants' assurances.

38.    Defendants have not provided Dalrada with complete or accurate information for Dalrada to complete the required W-2 forms.

39.    As a result of Defendants' failure to perform, Dalrada has incurred liability to the IRS for not completing its W-2's in a timely manner, and its business reputation has been sullied as its customers and employees have not received their accurate and complete W-2 forms.

40.    As a further proximate result of Defendants' breach, Dalrada has been damaged as set forth above in an amount according to proof.

### FIFTH CAUSE OF ACTION

#### Appointment of Receiver

#### (Against All Defendants)

41.    Dalrada realleges each and every allegation contained in paragraphs 1 through 40, inclusive, and incorporates them herein by this reference.

42.    Dalrada and All Staffing have a joint ownership/interest in the Property and must complete the 2007 W-2 forms for its employees. Dalrada is entitled to such

///

LAW OFFICES
MULVANEY, KAHAN & BARRY
A UNITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE 619 238-1010
FACSIMILE 619 236-1181

Received:
Mar 03 08 02:39p    ASI Employer Solutions

Mar  3 2008 06:15pm
858-874-8679                p.8

Mar 3 2008 06:20pm    P008/017

1    information as, without it, Dalrada is materially injured by Defendants' failure and refusal

2    to provide complete information for the entire 2007 calendar year.

3        43.    Unless a receiver is appointed and instructed to take possession of the

4    Property and to prepare W-2 forms or aid in Dalrada's preparation of the W-2 forms, the

5    employees will not receive correct information and Dalrada remains exposed to fines

6    and penalties from the IRS, among other potential damage.

7        44.    Based on the foregoing, Dalrada requests that the Court appoint a

8    receiver to take control of the Property, to protect, manage and preserve the Property,

9    and turn such Property over to Dalrada.

10        45.    Based on the above, and in aid of the receiver, Dalrada requests that the

11    Court issue a temporary restraining order and preliminary injunction, restraining and

12    enjoining Defendants, and each of them, and their agents and representatives, from

13    interfering with the receiver's possession, conservation, and management of the

14    Property.

15                    **SIXTH CAUSE OF ACTION**

16                        **Claim and Delivery**

17                    **(Against All Defendants)**

18        46.    Dalrada realleges each and every allegation contained in paragraphs

19    1 through 45, inclusive, and incorporates them herein by this reference.

20        47.    Dalrada is, and at all times mentioned herein was, entitled to the

21    immediate possession of the Property.

22        48.    Beginning as early as October 4, 2007, Dalrada demanded the return of

23    the Property in order to prepare the W-2 forms.

24        49.    Defendants wrongfully, and without Dalrada's consent, continue to

25    withhold possession of the Property from Dalrada in violation of Dalrada's right to

26    immediate possession of the Property.

27        50.    As a proximate result of Defendants' wrongful possession, Dalrada

28    has/may incur IRS liability and damage to its business reputation.

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE 619 238-1010
FACSIMILE 619 236-1981

Received:
Mar 03 08 02:39p    ASI Employer Solutions    Mar 3 2008 06:16pm    858-874-8679    Mar 3 2008 06:20pm    P009/017    p.9

51.    By not returning the property to Dalrada, Defendants' conduct was willful, malicious, and done with the intent to cause injury to Dalrada, and did, in fact, cause such injury to Dalrada in the form of IRS liability and damage to its reputation.

52.    Dalrada has no adequate remedy at law for the injuries currently being suffered and requires that the Court order Defendants to turn over the financial and tax data in electronic and paper form necessary to complete the required W-2 forms, as well as all records relating to Dalrada so that it is not damaged any further.

### SEVENTH CAUSE OF ACTION

### Injunctive Relief

### (Against All Defendants)

53.    Dalrada realleges each and every allegation contained in paragraphs 1 through 52, inclusive, and incorporates them herein by this reference.

54.    Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Dalrada, as set forth above.

55.    Dalrada has no adequate remedy at law for the injuries suffered, and which Dalrada continues to suffer, as it cannot comply with IRS requirements concerning W-2 forms unless and until Defendants provide the financial and tax data in electronic and paper form necessary to complete the required W-2 forms. A court order is required to compel Defendants to provide the required information. In addition, it is impossible for Dalrada to determine the precise amount of its damage if Defendants are not ordered to provide Dalrada said information.

WHEREFORE, Plaintiff Dalrada prays for judgment against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION:

1.    For damages for the proximate and foreseeable loss resulting from Defendants' conversion in a sum according to proof;

2.    For damages for the time and money properly expended in pursuit of the converted property in a sum according to proof; and

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE 619 238-1010
FACSIMILE 619 238-1381

Received:                                    Mar 3 2008 06:16pm        Mar 3 2008 06:20pm    P010/017
Mar 03 08 02:40p    ASI Employer Solutions    858-874-8679            P.10

3.    For punitive and exemplary damages.

**ON THE SECOND CAUSE OF ACTION:**

1.    For damages in an amount according to proof;

2.    For exemplary and punitive damages;

3.    For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereafter set forth, during the pendency of this action; and

4.    For a temporary restraining order, preliminary injunction, and a permanent injunction, each of which shall:

a.    Enjoin Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from in any way making any false representations to the IRS, and making any false representations concerning their business relationships with Plaintiff;

b.    Require Defendants to provide what information they have regarding the W-2 forms to Plaintiff so Plaintiff may begin to repair its business relationships and reputation.

**ON THE THIRD CAUSE OF ACTION:**

1.    For damages for the deterioration of Plaintiff's business reputation and for any fines/penalties imposed by the IRS, all according to proof; and

2.    For any other monetary damages in a sum according to proof.

**ON THE FOURTH CAUSE OF ACTION:**

1.    For damages for the deterioration of Plaintiff's business reputation and for any fines/penalties imposed by the IRS, all according to proof; and

2.    For any other monetary damages in a sum according to proof.

**ON THE FIFTH CAUSE OF ACTION:**

1.    That a receiver be appointed to take possession the financial and tax data in electronic and paper form, necessary to complete the required W-2 forms, as well as all records relating to Dalrada, to control, care for, preserve, maintain, and incur the

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE (619) 238-1010
FACSIMILE (619) 238-1981

Mar 3 2008 06:20pm    P011/017
Received:                                    Mar 3 2008 06:17pm
Mar 03 08 02:40p    ASI Employer Solutions    858-874-8679    p.11

1  expenses necessary for the management, control, care, preservation, and maintenance

2  of said Property, and to take whatever action is necessary to fully and completely

3  prepare and send the required W-2 forms.

4  **ON THE SIXTH CAUSE OF ACTION:**

5      1.    For possession of the financial and tax data in electronic and paper form,

6  necessary to complete the required W-2 forms;

7      2.    For damages for the deterioration of Plaintiff's business reputation and for

8  any fines/penalties imposed by the IRS, all according to proof;

9      3.    For any other monetary damages in a sum according to proof; and

10     4.    For exemplary and punitive damages.

11  **ON THE SEVENTH CAUSE OF ACTION:**

12     1.    For injunctive relief;

13     2.    For an order requiring Defendants to show cause, if any they have, why

14  they should not be enjoined as hereafter set forth, during the pendency of this action;

15     3.    For a temporary restraining order, preliminary injunction, and a permanent

16  injunction, each of which shall:

17         a.    Enjoin Defendants, and each of them, and their agents, servants,

18     and employees, and all persons acting under, in concert with, or for them from in

19     any way making any false representations to the IRS, and making any false

20     representations concerning their business relationships with Plaintiff;

21         b.    Require Defendants to provide what information they have

22     regarding the required W-2 forms to Plaintiff so Plaintiff may finalize said W-2

23     forms and begin to regain its business relationships and reputation; and

24     4.    Pending the appointment of a receiver, the issuance of a temporary

25  restraining order, enjoining and restraining Defendants and any of their agents,

26  employees, counsel or representatives from interfering with the receiver's possession,

27  and conservation of the Property.

28  ///

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7994
TELEPHONE (619) 236-1010
FACSIMILE (619) 238-1981

Mar 3 2008 06:20pm  P012/017
Received:                          Mar 3 2008 06:17pm
Mar 03 08 02:40p    ASI Employer Solutions    858-874-8679    p.12

**ON ALL CAUSES OF ACTION:**

    1.     For attorneys' fees incurred herein;

    2.     For costs of suit incurred herein; and

    3.     For such other and further relief as the Court may deem just and proper.

DATED: _____2·20·04_____    MULVANEY, KANAN & BARRY

By: _____

    John A. Mayers

Attorneys for Plaintiff Datrada Financial
Corporation, a Delaware corporation

DFC.100.177955.1

LAW OFFICES
MULVANEY, KANAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE (619) 238-1010
FACSIMILE (619) 238-1981

**From:** Norman Tipton
**Sent:** Thu 10/4/2007 4:07 PM
**To:** A. Costello; Barbara Yamulla; 'rrichards@vikingasset.com'
**Cc:** Brian Bonar
**Subject:** Employee Files

Hello, Angela

Thank you for the return of the Dalrada Financial internal and external employee files. There remains a matter of electronic employee files necessary for Dalrada Financial Corp. to perform its legal duty with regards to W2 information. Will you confirm that All-Staffing will execute W2 forms as needed? Or, in the alternative, make the needed payroll information available?

Many thanks for your cooperation,

Norman Tipton
Vice President and General Counsel
Dalrada Financial
Phone: 858 427 8727

2/14/2008                               **EXHIBIT A**

Received:                                    Mar  3 2008 06:18pm        Mar 3 2008 06:20pm    P014/017
Mar 03 08 02:41p    ASI Employer Solutions    858-874-8679                  p.14

---

**From:** Norman Tipton
**Sent:** Mon 12/10/2007 11:54 AM
**To:** A. Costello
**Cc:** jdecker@allstaffing.com; C. Binner
**Subject:** FW: Corporate eFax from "9518080702" - 1 page(s)

Hi, Angela
The attached fax was mistakenly sent to the Dalrada account. Also, can you give me an update on the the payroll
information for the September quarter return as Brian requested?
Many thanks,
Norman

**From:** eFax Corporate [mailto:message@inbound.efax.com]
**Sent:** Mon 12/10/2007 11:02 AM
**To:** Norman Tipton
**Subject:** Corporate eFax from "9518080702" - 1 page(s)

| [x] eFax Corporate |
|---|

You have received a 1 page fax at 2007-12-10 11:02:57 PST.

* The reference number for this fax is den1_did1-1197313325-
8584083318-22.

Please visit
**www.efaxcorporate.com/corp/twa/page/customerSupport**
if you have any questions regarding this message or your service.
You may also e-mail our corporate support department at
**corporatesupport@mail.efax.com.**

Thank you for using the eFax Corporate service!

© 2007 j2 Global Communications, Inc. All rights reserved.
eFax Corporate® is a registered trademark of j2 Global Communications, Inc.

| [x] |
|---|

2/14/2008                    **EXHIBIT A**

Mar 03 08 02:42p    Received:    Mar 3 2008 06:18pm    Mar 3 2008 06:20pm    P015/017
                    ASI Employer Solutions    858-874-8679         p.15

**From:** Norman Tipton
**Sent:** Wed 2/6/2008 3:47 PM
**To:** A. Costello; Brian Bonar; Barbara Yamulla
**Cc:** rrichards@vikingasset.com
**Subject:** 2007 W2

Angela,
It appears that the majority of the W2s sent by All Staffing are incorrect. From what I can determine, only the first two quarters (through June 30) are included. Please contact me ASAP so we can work together to figure out a solution.

Norman Tipton
619 253-2226

EXHIBIT A

2/14/2008

Mar 3 2008 06:20pm    P016/017

Received:                              Mar  3 2008 06:18pm
Mar 03 08 02:42p    ASI Employer Solutions    858-874-8679                    p.16

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
ALL STAFFING, INC., a corporation; ANGELA COSTELLO, an
individual; and DOES 1 through 50, inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

50
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DALRADA FINANCIAL CORPORATION, a Delaware corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte le dé un formulario de exención de pago de cuotas. Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: | CASE NUMBER: 37-2008-00078379-CU-CO-CTL |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
330 WEST BROADWAY
SAN DIEGO, CA 92101
CENTRAL DIVISION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John A. Mayers, Esq./CSB #149149            619-238-1010        619-238-1981
Hannah L. Fabrikant, Esq./CSB #239751
MULVANEY, KAHAN & BARRY
San Diego, CA 92101

| DATE:  FEB 2 0 2008 | Clerk, by ___ Y. Mansur ___ , Deputy |
|---|---|
| (Fecha) | (Secretario)                        (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other (specify):
4. [ ] by personal delivery on (date):                                         Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dalrada Financial Corporation

## DEFENDANTS
All Staffing, Inc.
Angela Costello

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Carbon County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mulvaney, Kahan & Barry LLP
401 W. A. Street, 17th Floor
San Diego, CA  92101

Attorneys (If Known) Drinker Biddle & Reath LLP
Wells Fargo Building, North Tower
333 South Grand Avenue, Los Angeles, CA 90071

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332
Brief description of cause: Alleged failure of All Staffing to provide W2 statements

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___   DOCKET NUMBER ___

DATE 3/21/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

JS 44 (Rev. 11/04)                         **CIVIL COVER SHEET**

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

08 MAR 21 PM 12: 22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**I. (a) PLAINTIFFS**

Dalrada Financial Corporation

**DEFENDANTS**

A1 Staffing, Inc.
Angela Costello

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Carbon County, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**08 CV 0528 WQH POR**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mulvaney, Kahan & Barry LLP
401 W. A. Street, 17th Floor
San Diego, CA  92101

Attorneys (If Known) Drinker Biddle & Reath LLP
Wells Fargo Building, North Tower
333 South Grand Avenue, Los Angeles, CA 90071

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities — Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities — Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332

Brief description of cause:
Alleged failure of A1 Staffing to provide W2 statements

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   3/21/08

SIGNATURE OF ATTORNEY OF RECORD   Siobhan A. Cullen

**FOR OFFICE USE ONLY**

RECEIPT # 149013   AMOUNT $350   APPLYING IFP 1/2 2/21/08   JUDGE _____   MAG. JUDGE _____

LR

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149013    — KD**

**March 21, 2008
12:31:40**

**Civ Fil Non-Pris**
USAO #.: 08CV0528
Judge..: WILLIAM Q HAYES
Amount.:                $350.00 CK
Check#.: BC 67530

**Total—>  $350.00**

FROM: CIVIL FILING
      DALRADA DINCL CORP V.
      ALL STAFFING, INC.