Siobhan A. Cullen (SB No. 179838)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1504
Telephone: (213) 253-2300
Facsimile: (213) 253-2301
siobhan.cullen@dbr.com

*Of Counsel:*
Gregg W. Mackuse
Heather C. Giordanella
Katherine L. Villanueva
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendants
ALL STAFFING, INC. AND
ANGELA COSTELLO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALL STAFFING, INC., ANGELA COSTELLO, and DOES 1-50,<br><br>Defendants. | **Case No. 08-CV-0528 WQH POR**<br>**Assigned to Judge William Q. Hayes**<br><br>**MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Hearing Date: May 12, 2008**<br>**Hearing Time: 11:00 a.m.**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**MEMORANDUM AND POINTS OF AUTHORITIES**

Defendants All Staffing, Inc. and Angela Costello (collectively, "All Staffing"), by and through their undersigned counsel, Drinker Biddle & Reath LLP, hereby move to dismiss the above-styled action, pursuant to Federal Rule of Civil Procedure 12(b)(7), and, in support thereof, aver the following:

LAW OFFICES
DRINKER BIDDLE & REATH LLP
Los Angeles

LA\106169\v1          1          Case No. 08-CV-0528 WQH POR
MEMORANDUM OF POINTS AND
AUTHORITIES

## I. INTRODUCTION

In this diversity action, Plaintiff Dalrada Financial Corporation ("Dalrada") sued All Staffing for allegedly failing to provide tax information to Dalrada with respect to certain clients of Dalrada. Although Dalrada named All Staffing, Inc. and Angela Costello as Defendants, Dalrada failed to name two parties that are potentially responsible for failing to provide the tax information to Dalrada – ClearPoint HRO, LLC ("ClearPoint") and Mercer Ventures, Inc. ("Mercer"). In other words, the dispute in this case arises from the contractual relationship between Dalrada and Mercer and the services provided by ClearPoint, a company affiliated with Mercer—<u>not</u> the relationship between Dalrada and All Staffing. Accordingly, and as set forth more fully below, Dalrada's failure to join ClearPoint and Mercer, which are indispensable parties, warrants dismissal of this action.

## II. FACTS AND PROCEDURAL HISTORY[1]

At all relevant times, Dalrada was a Professional Employer Organization ("PEO") providing services to its clients such as outsourcing payroll, workers' compensation services, and the administration of benefits. Compl. at ¶6. As a PEO, Dalrada is required by the IRS to issue W-2 Wage and Tax Statement forms to each employee for which Dalrada provides PEO services. Compl. at ¶9. These W-2 forms must be completed and sent out to employees by January 31st of each calendar year so that the employees can prepare their income taxes. Compl. at ¶9. During the 2007 calendar year, Dalrada alleges that it performed the above services in the usual manner for the months of January 1, 2007, through September 4, 2007. Compl. at ¶6.

On April 30, 2007, Mercer and Dalrada executed an agreement (the "DFCO Agreement"), pursuant to which Mercer agreed to assume responsibility for certain

---

[1] Most of the facts set forth above appear in the Complaint. To the extent that new facts are alleged by All Staffing, these facts are alleged to demonstrate the absence of an indispensable party and are supported by the Affidavit of Angela L. Costello in Support of Motion to Dismiss ("Costello Affidavit"), which is attached hereto as Exhibit A. *See, e.g., Biagro Western Sales, Inc. v. Helena Chem.Co*., 160 F. Supp. 2d 1136, 1143 (N.D. Cal. 2001) ("[W]here a party asserts that a plaintiff . . . has failed to join an indispensable party, the court may consider facts beyond the scope of the plaintiff's complaint. Defendant may produce affidavits and other properly presented evidence in support of its motion.").

**LAW OFFICES**
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA\106169\v1

2

Case No. 08-CV-0528 WQH POR
MEMORANDUM OF POINTS AND
AUTHORITIES

1  services provided to clients of Dalrada. A true and correct copy of the DFCO Agreement
2  is attached hereto as Exhibit B. In the DFCO Agreement, Mercer and Dalrada
3  contemplated: "If [Mercer] requests, [Dalrada] has agreed to issue and send year-end
4  W2's for client's employees with a copy provided to [Mercer.]" Compl. at ¶11.

5  For the time period of May through September 7, 2007, certain clients of Dalrada
6  operated under the Federal Employer Identification Number ("FEIN") of ClearPoint, a
7  company affiliated with Mercer, under the DFCO Agreement. *See* Costello Affidavit ¶3.
8  In addition to providing certain W-2 information to Dalrada, as well as providing
9  information to ClearPoint during the pendency of the DFCO Agreement,[2] in January 2008,
10 All Staffing forwarded to ClearPoint the information necessary to complete W-2 forms for
11 the period of May through June 30, 2007. *See id.* ¶4. This specific information was
12 provided because ClearPoint had advised All Staffing that it did not want to receive
13 information for the time period of July 1 through September 7, 2007. *See id.*
14 Subsequently, All Staffing forwarded ClearPoint additional information for the period of
15 July 1 through September 7, 2007. *See id.* ¶5. Thus, upon information and belief,
16 ClearPoint and Mercer are in possession of the information necessary to complete W-2
17 forms for the period of May through September 7, 2007, and Dalrada has had the ability to
18 obtain this information from ClearPoint and Mercer. *See id.*

19 Unbeknownst to All Staffing, on September 18, 2007, Mercer and Dalrada executed
20 a settlement agreement (the "Settlement Agreement"), which terminated all rights and
21 obligations arising under the DFCO Agreement. A true and correct copy of the Settlement
22 Agreement is attached hereto as Exhibit C. The Settlement Agreement was signed by
23 Chris Ferguson on behalf of Mercer, and Brian Bonar on behalf of Dalrada. *See* Ex. C at
24 2. Although the Settlement Agreement was dated September 18, 2007, the Settlement

---

[2] All Staffing provided this information because of its then-existing relationship with Dalrada. On or about September 1, 2006, All Staffing and Dalrada executed a Stock Purchase Agreement, pursuant to which the parties agreed that Dalrada would purchase All Staffing's stock and assets only upon the satisfaction of certain conditions precedent. These conditions precedent were not satisfied.

LAW OFFICES
DRINKER BIDDLE & REATH LLP
Los Angeles
LA\106169\v1                    3            Case No. 08-CV-0528 WQH POR
                                              MEMORANDUM OF POINTS AND
                                              AUTHORITIES

1  Agreement retroactively terminated the relationship between Mercer and Dalrada "[a]s of
2  June 30, 2007."  *See* Ex. C.
3  　　According to the Complaint, on September 4, 2007, Dalrada's assets, including its
4  payroll accounts and its interest in All Staffing, were seized by a secured creditor of
5  Dalrada and the secured creditor transferred Dalrada's seized payroll accounts to All
6  Staffing to administer.  Compl. at ¶7. On or around February 20, 2008, Plaintiff Dalrada
7  filed a Complaint in the Superior Court of California, County of San Diego, naming All
8  Staffing, Inc. and Angela Costello as Defendants.  In the Complaint, Dalrada seeks
9  damages arising from the alleged failure of All Staffing to provide Dalrada with W-2
10 forms.  On March 21, 2008, All Staffing removed the action to this Court.

## III.　LEGAL STANDARD

　　Pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), a district court may dismiss an action for failure to join an indispensable party.  The Ninth Circuit has held that a court should grant a Rule 12(b)(7) motion to dismiss only if the court determines that joinder would destroy jurisdiction and the nonjoined party is necessary and indispensable.  *See Shermoen v. United States*, 982 F.2d 1312, 1317-18 (9th Cir. 1992).  A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion.  *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).  A Rule 12(b)(7) motion for failure to join an indispensable party demands a fact specific and practical inquiry.  *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)).

## IV.　ARGUMENT

　　Generally, joinder under Rule 19 of the Federal Rules of Civil Procedure is the exception to the rule that a plaintiff is ordinarily free to decide who shall be parties to a lawsuit.  *Simpson v. Alaska Commission for Human Rights*, 608 F.2d 1171, 1174 (9th Cir. 1979); *see also* 7 C. Wright & Miller, Federal Practice and Procedure § 1602, p.17 (1972).

**LAW OFFICES**
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA\106169\v1                    4                    Case No. 08-CV-0528 WQH POR
MEMORANDUM OF POINTS AND
AUTHORITIES

1  A plaintiff's choice will be compromised, however, when significant countervailing

2  considerations make joinder of particular absentees necessary or desirable. *See Illinois*

3  *Brick Co. v. Illinois*, 431 U.S. 720 (1977).

4  In determining whether a party is necessary, the court should consider "whether the

5  absence of the party would preclude the [court] from fashioning meaningful relief as

6  between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d

7  861, 879 (9th Cir. 2004). The court should also consider the potential for the parties to be

8  exposed to dual liability from the opposing party or the third party, and the potential for

9  the third party to lose some right by not being a party to the proceedings. *See* Fed. R. Civ.

10  P. 19(a)(2).

11  After determining that a third party is necessary, the court must then determine if

12  the third party is indispensable pursuant to a two-step inquiry.[3] *See Northrop Corp. v.*

13  *McDonnel Douglas Corp*., 705 F.2d 1030 (9th Cir. 1983). First, a court must determine

14  whether the party should be joined as a necessary party under Rule 19(a). Second, if the

15  court concludes that the nonparty is necessary but cannot be joined for practical or

16  jurisdictional reasons, it must determine whether in "equity and good conscience" the

17  action should be dismissed because the nonparty is indispensable under Rule 19(b). *See id*.

18  at 1043; *see also* Fed. R. Civ. P. 19(b). In determining whether the party is indispensable,

19  courts consider four factors: (1) prejudice to any party or to the absent party; (2) whether

20  relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not

21  complete, can be awarded without the absent party; and (4) whether there exists an

22  alternative forum. *See Makah Indian Tribe*, 910 F.2d at 560.

23  In this case, on April 30, 2007, Mercer and Dalrada executed the DFCO Agreement,

24  pursuant to which Mercer agreed to assume responsibility for certain services provided to

25  clients of Dalrada. *See* Ex. B. In the DFCO Agreement, Mercer and Dalrada

26  contemplated: "If [Mercer] requests, [Dalrada] has agreed to issue and send year-end

---

28  [3] In breach of contract actions, district courts have held that contracting parties are necessary parties. *See Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 365 (D.P.R. 1998).

**LAW OFFICES**
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA\106169\v1     5     Case No. 08-CV-0528 WQH POR
MEMORANDUM OF POINTS AND
AUTHORITIES

1  W2's for client's employees with a copy provided to [Mercer.]" Compl. at ¶11. For the
2  period of May through September 7, 2007, certain clients of Dalrada operated under the
3  FEIN of ClearPoint, a company affiliated with Mercer, pursuant to the DFCO Agreement.
4  *See* Costello Affidavit ¶3. Importantly, All Staffing was <u>not</u> a party to the DFCO
5  Agreement, and All Staffing was <u>not</u> contractually obligated to provide W-2 forms.

6  On September 18, 2007, without informing All Staffing, Mercer and Dalrada
7  executed the Settlement Agreement, which terminated all rights and obligations arising
8  under the DFCO Agreement. *See* Ex. C. The Settlement Agreement was signed by Chris
9  Ferguson on behalf of Mercer, and Brian Bonar on behalf of Dalrada. Notably, although
10 the Settlement Agreement was dated September 17, 2007, the Settlement Agreement
11 retroactively terminated the relationship between Mercer and Dalrada "[a]s of June 30,
12 2007." Ex. C.

13 As stated above, Rule 19(b) sets forth the factors to be considered in determining
14 whether a party is indispensable: (1) to what extent a judgment rendered in the party's
15 absence might be prejudicial to the absent party or those already parties; (2) the extent to
16 which, by protective provisions in the judgment, by the shaping of relief, or other
17 measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the
18 party's absence will be adequate; and (4) whether the plaintiff will have an adequate
19 remedy if the action is dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b). Here, the
20 absence of Mercer satisfies each of these factors, and Mercer is therefore an indispensable
21 party.

22 First, without ClearPoint and Mercer joined as parties to the instant action, this
23 Court cannot award complete relief to the parties. Dalrada sued All Staffing claiming that
24 All Staffing disregarded its obligations to provide Dalrada with W-2 forms for Dalrada
25 clients, but All Staffing did <u>not</u> contract with Dalrada to provide such services. Instead,
26 Dalrada and Mercer entered into a contract in April 2007, and again in September 2007, in
27 which the parties contemplated the parties' respective obligations regarding W-2 forms.
28 Additionally, this Court's adjudication of the instant matter will necessarily involve the

**LAW OFFICES**
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA\106169\v1                    6                    Case No. 08-CV-0528 WQH POR
                                                     MEMORANDUM OF POINTS AND
                                                     AUTHORITIES

terms of both agreements between Dalrada and Mercer, as well as the services provided under the FEIN of ClearPoint pursuant to the DFCO agreement. Second, protective provisions in a judgment entered by the Court will not lessen the prejudice to the parties in the absence of ClearPoint and Mercer. The rights of ClearPoint and Mercer are so directly connected with and affected by the litigation of the claims asserted by Dalrada that the absence of ClearPoint and Mercer renders any order or decree of court null and void for want of jurisdiction. Third, a judgment rendered in the absence of ClearPoint and Mercer will not be adequate because All Staffing may face liability for the nonfeasance or malfeasance of the absent parties—ClearPoint and Mercer. Finally, Dalrada has a proper remedy if this action is dismissed for nonjoinder. Dalrada may file another action naming ClearPoint and Mercer, which are the proper parties to the action.

## V.  CONCLUSION

In sum, this Court should not determine All Staffing's liability for allegedly failing to provide W-2 forms to Dalrada without the presence of ClearPoint and Mercer, which, as the parties with whom Dalrada contracted, are necessary and indispensable parties to this action.

Respectfully submitted.

DATED:  March 28, 2008                    DRINKER BIDDLE & REATH LLP

By: *Siobhan A. Cullen* (signature)
Siobhan A. Cullen

Attorney for Defendants All Staffing, Inc. and Angela Costello

*Of Counsel*
Gregg W. Mackuse
Heather C. Giordanella
Katherine L. Villanueva
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
(215) 988-2700

LAW OFFICES
DRINKER BIDDLE & REATH LLP
Los Angeles

LA\106169\v1                        7                      Case No. 08-CV-0528 WQH POR
                                                           MEMORANDUM OF POINTS AND
                                                           AUTHORITIES