John A. Mayers, Esq./CSB #149149
Tina M. Pivonka, Esq./CSB #090268
Hannah L. Fabrikant, Esq./CSB #239751
**MULVANEY, KAHAN & BARRY**
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Facsimile: 619 238-1981

Attorneys for Plaintiff DALRADA FINANCIAL CORP., a Delaware corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION, a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>ALL-STAFFING, INC., ANGELA COSTELLO, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 08-CV-0528 WQH POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>DATE: May 12, 2008<br>TIME: 11:00 a.m.<br>CTRM:<br>JUDGE: Hon. William Q. Hayes |

Plaintiff DALRADA FINANCIAL CORPORATION, a Delaware corporation ("Dalrada"), respectfully submits the following Memorandum of Points and Authorities in Opposition to the Motion to Dismiss filed by Defendants ALL-STAFFING, INC., and ANGELA COSTELLO'S ("All-Staffing" and "Costello," respectively, or "Defendants").

**I.**

**STATEMENT OF FACTS**

Dalrada is a Delaware corporation with its principal place of business located in San Diego, California. Defendant Costello was the Chief Operating Officer of Dalrada, until September 4, 2007, and since that date has been the Vice President of Sales and Operations of All Staffing.

Dalrada is a Professional Employer Organization ("PEO") providing services to its clients such as outsourcing payroll, workers' compensation services, and the administration of benefits,

and during the 2007 calendar year, performed the above services in the usual manner for the months of January 1, 2007, through September 4, 2007. During this entire period, All Staffing was also a PEO, owned by Dalrada.

On September 4, 2007, Dalrada's assets, including its payroll accounts and its interest in All Staffing, were seized by a secured creditor of Dalrada. Following the September 4, 2007 seizure of Dalrada's assets, the secured creditor transferred Dalrada's seized payroll accounts to All Staffing to administer. All Staffing then began providing PEO services to the former Dalrada accounts, under the direction of Dalrada's secured creditor.

Each PEO has its own individual Federal Tax Identification Number ("FEIN") which the Internal Revenue Service ("IRS") uses for identification. All Staffing began providing PEO services and issuing checks under Dalrada's FEIN number commencing September 4, 2007.

As a PEO, Dalrada is required by the IRS to issue W-2, Wage and Tax Statement forms to each employee it provides PEO services to for each year. These W-2 forms must be completed and sent out to employees by the PEO's by January 31st of the new calendar year so the employees can prepare their income tax returns.

Over several months, Dalrada repeatedly asked All Staffing to provide complete W-2 forms, or Dalrada's accounting data, so Dalrada could prepare the required W-2 forms for 2007. Sometime after June 30, 2007, All Staffing sent to Dalrada prepared W-2 forms; however, these W-2 forms were incorrect as they only included the first two quarters of 2007, through June 30, 2007. The third and fourth quarter information necessary to complete the W-2 forms was never provided to Dalrada, despite repeated demands.

Dalrada made numerous attempts to contact Costello and other members of All Staffing requesting the missing information, but has been unsuccessful. As a result of All Staffing's actions, Dalrada was unable to provide its employees with complete and correct W-2 forms in a timely manner and has inadvertently failed to meet the IRS Code deadline, through no fault of its own.

On February 20, 2008, Dalrada filed a Complaint against All Staffing and Costello in the Superior Court of California, County of San Diego, Case No.: 37-2008-00078379-CU-CO-CTL

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

for Breach of Contract, though the Complaint was not served by Dalrada. On March 21, 2008, All Staffing and Costello removed the case to the United States District Court for the Southern District of California, Case No.: 08 CV 0528 WQH POR.

All Staffing and Costello then filed a Motion to Dismiss, alleging Dalrada failed to name two parties, ClearPoint HRO, LLC ("ClearPoint") and Mercer Ventures, Inc. ("Mercer"), whom All Staffing and Costello claim are responsible for failing to provide Dalrada with the tax information it needed.

## II.

## THE MOTION TO DISMISS MUST BE DENIED

This suit was instituted for a single reason, to compel Defendants to return the 2007 third and fourth quarter W-2 information to its rightful owner, Dalrada. Such information is necessary for Dalrada to prepare future W-2 forms and for accurate recordkeeping. Dalrada seeks only to get this W-2 tax information returned from Defendants, and to avoid incurring any IRS liability in the process.

Defendants Motion to Dismiss fails for at least three reasons. First, ClearPoint and Mercer are not indispensable parties to the litigation at hand. Second, ClearPoint and Mercer are not necessary parties to the instant litigation. Finally, ClearPoint and Mercer have no relation to the pending litigation suggesting they should or must be made parties to the action.

### A. Rule 12(b)(7)

Pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), failure to join an indispensable party is grounds for the Court to dismiss the action. However, not all parties that may be added to an action should be added. Neither may all parties that could be added to an action be considered indispensable, or even necessary. The three types of joinder are referred to as "indispensable," "necessary," and "proper." Moore's Federal Practice, §19.01[2][a] (2007).

A proper party is one who may be brought in to the action, but also those parties who may be left out. A necessary party is one who is a proper party, but also so closely related to the pending action that leaving the party out creates a risk of harm. Moore's Federal Practice, §19.01[2][a] (2007). An indispensable party's presence is necessary to the litigation. Moore's

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

Federal Practice, §19.01[2][a] (2007).

**B. Rule 20**

The so called "permissive party" rule defines proper parties to an action. A proper party is a party who may, but does not need to be joined in an action, a party whose claims arise from the same transaction or occurrence, but whose absence will not lead to incomplete relief or inconsistent liability. Moore's Federal Practice, §19.02[2][b] (2007).

**C. Rule 19(a)**

Rule 19(a) of the Federal Rules of Civil Procedure ("Rule 19(a)"), the "necessary party" rule, explains that certain parties must be joined if, (1) in their absence the court could not accord complete relief among the existing parties, or, (2) that person claimed an interest in the subject of the action and their interests would not be protected if they were not joined, or they would incur inconsistent liabilities. See Northrop Corp. v. McDonnell Douglas Corp. 705 F.2d 1030 at 1043 (9th Cir. 1983.)

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

**1. Complete Relief Can Be Accorded Among the Existing Parties.**

"To fit within the first category, it must appear that complete relief cannot be accorded," between the existing parties. Id. at 1043. "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Id. at 1043. In Northrop, the suit was between a defense contractor and aircraft manufacturer who had entered into a teaming agreement. One of the existing parties claimed that the Government was an indispensable party to the action. The Court pointed out that "Government is not a party to any of the teaming agreements, and has never asserted a formal interest in either the subject matter of the action or the action itself." Id. at 1043-1044.

That Defendants failed to provide Dalrada with tax information sufficient for Dalrada to prepare its W-2's and comply with IRS obligations, has absolutely nothing to do with ClearPoint or Mercer. As like the Government in Northrop, neither ClearPoint nor Mercer were a party to any agreement, oral or otherwise, between Dalrada and Defendants concerning the W-2's. "A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights

under the contract." Id at 1044.

As neither ClearPoint nor Mercer were parties to any agreement between Dalrada and Defendants, complete relief can be accorded by ordering Defendants to reimburse Dalrada for the liability it incurred to the IRS by not providing the proper information at an appropriate time. The existing parties would not be required to look beyond each other to be accorded complete relief in this situation.

**2. Neither ClearPoint Nor Mercer Claim Any Interest In The Current Litigation And Disposing Of The Action In Their Absence Would Not Impair Their Interests In Any Way, Nor Subject The Existing Parties To Risk.**

**(a) ClearPoint**

Defendants claim that because Dalrada allegedly provided services under ClearPoint's Federal Employer Identification Number ("FEIN"), that ClearPoint is now an indispensable party to this action. However, ClearPoint had absolutely no involvement in the transactions and occurrences that led to Defendants' failure to provide Dalrada with vital W-2 information. ClearPoint was not a party to any agreement in which the distribution of information necessary to complete W-2's was at issue.

Costello claims that Defendants sent ClearPoint information necessary to complete W-2's in January 2008, and they told her they did not want to receive such information. (Affidavit of Angela Costello, P 4.) Still, ClearPoint and Dalrada are not the same company or corporation, nor are they under any contract or agreement that requires one to pass on errant W-2 information to the other. Defendants' providing a separate corporation (ClearPoint) with W-2 information which should have been sent to Dalrada does not automatically make ClearPoint a necessary or indispensable party to this litigation.

Defendant further claims that ClearPoint was affiliated with Mercer, who was a party to the April 20, 2007, Mercer Ventures Inc., DFCO Services Agreement ("DFCO Agreement") with Dalrada. However, the DFCO Agreement neither mentions nor references ClearPoint.

Therefore, ClearPoint does not nor would not have any claims or potential claims which could or would arise from this action. Nor would leaving ClearPoint out of the litigation leave any existing party or ClearPoint themselves open to potential claims or liability or a substantial

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

risk of harm, therefore ClearPoint is not a necessary party. ClearPoint is not an indispensable party, a necessary party, or even a proper party, and as such, has no place in this litigation.

**(b) Mercer**

Defendants also discuss the Settlement Agreement executed between Mercer and Dalrada, claiming that the Settlement Agreement (the "Agreement") contemplates the parties' obligations regarding W-2 forms. The Agreement reads "If MVI (Mercer Ventures Inc.) requests, DFCO (Dalrada) has agreed to issue and send year-end W-2's for client's employees with a copy provided to MVI." (See the Affidavit of Angela Costello, Exhibit B.)

Nowhere in that Agreement does Mercer agree to provide Dalrada with information for W-2 forms. The mention of this Agreement is a red-herring mentioned to attempt to cast off the Defendants culpability regarding their blameworthy conduct.

Mercer was not party to any agreements or understandings between Dalrada and Defendants regarding W-2 information. Therefore, Mercer is not in any way an indispensable party, a necessary party, or even a proper party, and as such, has no place in this litigation.

Defendants claim that Mercer and ClearPoint's absence in this matter will leave Defendants potentially liable for the non-feasance or malfeasance of either party. However, "speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19." Id at 1046. Additionally, ClearPoint and Mercer retain their ability to protect their interests and to ensure they are not now, and will not later be subject to substantial harm in the form of multiple or inconsistent obligations. As such, ClearPoint and Mercer cannot be considered necessary parties or even proper parties to this action, and can have no place in this litigation.

**D. Rule 19(b)**

Defendants allege in their Motion to Dismiss that certain indispensable parties were not joined in this action. They mention Federal Rule of Civil Procedure 19(b), ("Rule 19(b)") as setting forth factors to be considered in determining if a party is indispensable. This is an improper characterization of Rule 19(b) which in actuality discusses the actions to be taken

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

when a party, whom the court has already determined to be a required/necessary party to the action, cannot be joined, and those factors to consider in determining if the action should proceed with existing parties, or should be dismissed. "An indispensable absentee is a necessary party whose joinder cannot be effected and in whose absence the court chooses to dismiss rather than to proceed." Moore's Federal Practice, § 19.15[d] (2007). In general the courts have been reluctant to dismiss under Rule 19(b) because of defects in joinder, so serious harm must be proven by the party seeking dismissal. Moore's Federal Practice, § 19.02[3][c] (2007).

A Rule 19(b) discussion is not appropriate in this situation, as pursuant to the above, ClearPoint and Mercer are not proper parties under Rule 20, and therefore cannot be necessary parties under Rule 19(a). In the case at hand, the parties that Defendants claim are indispensable, ClearPoint and Mercer, are improper parties to the action, having no involvement in the transactions and occurrences that lead to the litigation.

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

**(1) Neither ClearPoint Nor Mercer Are Indispensable Parties**

Should the Court find that ClearPoint and Mercer are necessary parties under Rule 19(a), and the Court is unable to effectuate joinder, only then would a Rule 19(b) discussion would become appropriate. However, other parties could potentially be brought into this litigation through means of Impleader or possibly Intervention. Additionally, the Court may order plaintiffs to join such parties the Court deems necessary, or the Court itself can order joinder of any such necessary parties. Moore's Federal Practice, §19.04[4][a] (2007). Therefore, if ClearPoint and/or Mercer were judged to be necessary parties to the action, there are means by which Defendants could bring them in, or they could join themselves.

Should a Rule 19(b) analysis become necessary, then the Court would consider (1) if rendering a judgment in the absence of ClearPoint and/or Mercer would prejudice either necessary party, or the existing parties, (2) the extent to which the prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures, (3) whether judgment in ClearPoint and Mercer's absence would be adequate; and (4) whether Dalrada would have an adequate remedy if the action were to be dismissed for non-joinder.

**(a) Rendering A Judgment In Absence Of ClearPoint And/Or Would Not Prejudice Any Party.**

If the Court were to determine ClearPoint and Mercer are necessary parties to this matter, the Court would likely find that the action could proceed as is among the existing parties. Rendering a judgment against either existing party would in no way prejudice the other existing parties, nor ClearPoint or Mercer, as pursuant to the above, neither have any connection or involvement in the matter at hand.

**(b) Any Judgment Rendered In Absence Of Mercer And/Or ClearPoint Could Be Tailored To Protect Other Parties And Non-parties.**

Entering a judgment against either of the existing parties would not prejudice the existing parties or non parties in any way and, in addition, any effects of a judgment could be lessened or avoided by constructing the judgment in a manner which would lessen such effects on all parties. As discussed above, neither ClearPoint or Mercer are involved in any manner of this particular issue, therefore rendering a judgment in their absence would be satisfactory, and even then could be molded to protect any absent parties.

**(c) Any Judgment Rendered In Absence Of Mercer And/Or ClearPoint Would Be Adequate As Neither Party Had Any Involvement With The Transactions Or Occurrences Which Lead To This Litigation**

This factor would only be an issue if the Court cannot join the absentees and has to enter a judgment which does not fully resolve the issues of the parties. Moore's Federal Practice, §19.05[4] (2007). As mentioned above, any judgment rendered against either existing party would be adequate, as both ClearPoint and Mercer had no involvement with the transactions and occurrences which lead to this litigation. Should the Court enter judgment against Defendants, the steps to clear up the W-2 problem would not require any other party or non-party's participation other than that of the Defendants.

**(d) If This Action Were To Be Dismissed, Dalrada Would Have No Adequate Remedy, And No Means To Recover From Defendants**

If the Court were to dismiss this action, Dalrada would be left without a remedy for the injuries it suffered. Dalrada, along with all other companies and corporations, has a duty to the

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981

IRS and to its employees and customers to provide W-2 information by the specific deadline set by the IRS. Dalrada was unable to comply with this deadline due to Defendants' actions. Should this case be dismissed, Dalrada has no other forum in which it can recover for those injuries that were caused by the Defendants. Dalrada is already liable to the IRS for the mistakes made by All Staffing and Costello, and there is no other forum in which to bring this action for recovery or to vindicate its rights. Therefore even if the parties were considered necessary, pursuant to the above, the action should proceed among the existing parties, without ClearPoint and Mercer.

## III. CONCLUSION

For the reasons stated above, Dalrada respectfully request that the Court deny Defendants Motion to Dismiss.

DATED: 4/28/08

MULVANEY, KAHAN & BARRY

By: ______________________
John A. Mayers
Tina M. Pivonka
Hannah L. Fabrikant
Attorneys for Plaintiff, Dalrada Financial Corporation, a Delaware corporation

DFC.108.180505.1

LAW OFFICES
MULVANEY, KAHAN & BARRY
A LIMITED LIABILITY PARTNERSHIP
SEVENTEENTH FLOOR
FIRST NATIONAL BANK CENTER
401 WEST A STREET
SAN DIEGO, CALIFORNIA 92101-7944
TELEPHONE 619 238-1010
FACSIMILE 619 238-1981