Charles A. Reid (SB No. 221306)
Siobhan A. Cullen (SB No. 179838)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1504
Telephone: (213) 253-2300
Facsimile: (213) 253-2301
charles.reid@dbr.com
siobhan.cullen@dbr.com

*Of Counsel:*
Gregg W. Mackuse
Heather C. Giordanella
Katherine L. Villanueva
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700

Attorneys for Defendants
ALL STAFFING, INC. AND
ANGELA COSTELLO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALL STAFFING, INC., ANGELA COSTELLO, and DOES 1-50,<br><br>Defendants. | Case No. 08-CV-0528 WQH POR<br>Assigned to Judge William Q. Hayes<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: May 12, 2008<br>Hearing Time: 11:00 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

In its Opposition to Defendants' Motion to Dismiss, Dalrada Financial Corporation ("Dalrada") does not (and cannot) dispute that:

(1) Dalrada and Mercer Ventures, Inc. entered into an agreement (the "DFCO Agreement"), dated April 30, 2007, pursuant to which Mercer agreed to provide services (including the payment of taxes) to Dalrada's clients;

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\107016\1                                    1                    Case No. 08-CV-0528 WQH POR
                                                                     REPLY IN SUPPORT OF MOTION TO
                                                                     DISMISS

(2) from May 2007 through September 2007, some of Dalrada's clients operated under the Federal Employer Identification Number ("FEIN") of ClearPoint, HRO, LLC ("ClearPoint"), pursuant to the DFCO Agreement between Dalrada and Mercer and, therefore, ClearPoint was the appropriate entity to receive the W-2 information;

(3) for the period of May 2007 through September 2007, Defendants have provided W-2 information for such clients to ClearPoint, a company affiliated with Mercer, and such information is at issue in the present action; and

(4) Dalrada has had (and continues to have) the ability to obtain from ClearPoint the W-2 information it allegedly is seeking through this lawsuit.[1]

For the reasons that follow, these undisputed facts demonstrate that ClearPoint and Mercer are necessary and indispensable parties. Accordingly, Defendants respectfully submit that Dalrada's failure to join ClearPoint and Mercer warrants the dismissal of this action under Federal Rule of Civil Procedure 12(b)(7).

First, contrary to Dalrada's arguments, absent the joinder of ClearPoint and Mercer, complete relief cannot be afforded to Defendants and, therefore, ClearPoint and Mercer are necessary parties under Federal Rule of Civil Procedure 19(a). The dispute in this action necessarily involves ClearPoint and Mercer because, under the DFCO Agreement, ClearPoint and Mercer assumed responsibilities with respect to certain Dalrada clients during the period of May 2007 through September 2007. *See generally*, DFCO Agreement (attached as Exhibit B to Memorandum and Points of Authorities in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum")). These responsibilities included, among other things, the payment of taxes for these clients under ClearPoint's FEIN.[2] *See id.* § B.6. Given the relationship among Dalrada, ClearPoint, and Mercer, which Dalrada does not dispute, the Court will need to consider the terms of the DFCO

---

[1] Dalrada proclaims that the only reason it has filed the instant lawsuit is to obtain 2007 third and fourth quarter W-2 information from Defendants. *See* Opposition at 3. Despite this statement, Dalrada fails to even mention why it did not request the W-2 information from ClearPoint. This failure certainly calls into question whether Dalrada is pursuing its claims against Defendants in good faith.

[2] As these Dalrada's clients operated under ClearPoint's FEIN, Defendants provided tax-related information to ClearPoint during the relevant time period as well as in January and February 2008. *See* Affidavit of Angela L. Costello in Support of Motion to Dismiss (attached as Exhibit A to Defendants' Memorandum).

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\107016\1

2

Case No. 08-CV-0528 WQH POR
REPLY IN SUPPORT OF MOTION TO DISMISS

Agreement as well as the responsibilities of each of these entities regarding the W-2 information purportedly at issue in this case.[3]

Second, although ClearPoint and Mercer would be subject to service of process and their joinder would not deprive the Court of jurisdiction,[4] Dalrada cannot join ClearPoint and Mercer because the DFCO Agreement contains a venue clause requiring any disputes to be "adjudicated in the jurisdiction of [Mercer's] domiciled county." *See* DFCO Agreement p. 5. Thus, under the clause, the proper venue for the resolution of disputes arising from the services provided by ClearPoint and Mercer is Pennsylvania. For this reason, the joinder of ClearPoint and Mercer by Dalrada is not feasible. *See, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992) (holding that when a party is dismissed for improper venue, the district court must "assess whether under Rule 19 th[at] part[y] w[as] indispensable to the action, and if so, what the remedy should be") (citing *Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1978).

Third, in addition to being necessary parties, ClearPoint and Mercer are indispensable because: (1) as a result of the involvement of ClearPoint and Mercer and their responsibilities in providing services to certain Dalrada clients, Defendants would be prejudiced by any judgment rendered in their absence as any liability would be attributable to ClearPoint and Mercer for failing to process W-2 information for these clients; (2) tailoring a judgment will not decrease this prejudice and, as the rights of ClearPoint and

---

[3] Under Federal Rule of Civil Procedure 19(a), a party is "necessary" if the requirements of Rule 19(a)(1) are met. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). As demonstrated above, the dispute here meets the criteria of Rule 19(a)(1).

Moreover, in the interests of judicial efficiency, ClearPoint and Mercer are necessary and indispensable parties because their joinder would allow this dispute to be resolved in a single action. This would obviate the need for Defendants to pursue a separate action against ClearPoint and Mercer in the event that Defendants ultimately are found liable.

[4] Upon information and belief, ClearPoint and Mercer are Delaware corporations with principal places of business in Pennsylvania. Therefore, the joinder of ClearPoint and Mercer would not destroy diversity jurisdiction as Dalrada would be diverse from Defendants, ClearPoint and Mercer.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\107016\1                              3                    Case No. 08-CV-0528 WQH POR
                                                               REPLY IN SUPPORT OF MOTION TO
                                                               DISMISS

Mercer are intertwined with this action, any order or decree of Court will be null and void for want of jurisdiction if entered in their absence; (3) a judgment rendered in the absence of ClearPoint and Mercer will not be adequate as any liability might be attributable to these non-parties; and (4) in the event that ClearPoint and Mercer refuse to voluntarily provide W-2 information to Dalrada, ClearPoint and Mercer may be named in another action.

For these reasons, the failure to join ClearPoint and Mercer is fatal and, therefore, Dalrada's claims against Defendants should be dismissed in their entirety.

DATED: May 5, 2008                    DRINKER BIDDLE & REATH LLP

                                      By: /s/ Siobhan A. Cullen
                                      Charles A. Reid
                                      Siobhan A. Cullen
                                      Attorney for Defendants All Staffing, Inc.
                                      and Angela Costello

                                      *Of Counsel*
                                      Gregg W. Mackuse
                                      Heather C. Giordanella
                                      Katherine L. Villanueva
                                      DRINKER BIDDLE & REATH LLP
                                      One Logan Square
                                      18th & Cherry Streets
                                      Philadelphia, PA 19103-6996
                                      (215) 988-2700

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1 107016 1                          4                Case No. 08-CV-0528 WQH POR
                                                       REPLY IN SUPPORT OF MOTION TO
                                                       DISMISS