FILED

'08 JUL 16 AM 9:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION,<br><br>            Plaintiff,<br>vs.<br>ALL STAFFING, INC. and ANGELA COSTELLO,<br><br>            Defendants. | CASE NO. 08-CV-0528 WQH POR<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS |

HAYES, Judge:

The matter before the Court is the motion to dismiss (Doc. # 4) filed by Defendants All Staffing, Inc. and Angela Costello.

## Procedural Background

On February 20, 2008, Plaintiff Dalrada Financial Corporation (Plaintiff) filed a Complaint against Defendants All Staffing, Inc. (All Staffing) and Angela Costello (Costello) in the California State Superior Court in San Diego, California. (Doc. # 1). The Complaint alleges claims for conversion, interference with prospective economic advantage, breach of implied-in-fact contract, promissory estoppel, claim and delivery, appointment of a receiver, and injunctive relief. (Doc. # 1). On March 21, 2008, Defendants removed the action to this Court. (Doc. # 1).

On March 28, 2008, Defendants filed the pending motion to dismiss for failure to join indispensable parties. (Doc. # 4). On April 28, 2008, Plaintiff filed a response in opposition to the motion. (Doc. # 6). On May 5, 2008, Defendants filed a reply in support of the motion. (Doc. # 7).

**Allegations of the Complaint and Factual Background**

Plaintiff Dalrada Financial Corporation is a Professional Employer Organization (PEO) who provides "services to its clients such as outsourcing payroll, workers' compensation services, and the administration of benefits." *Complaint (Compl.)* (Doc. # 1 at Ex. A), ¶ 6. Defendant All Staffing is also a PEO, and it provides similar services to its clients. *Compl.*, ¶ 6. At some point prior to September 4, 2007, [Plaintiff] Dalrada deposited money into [Defendant] All Staffing to purchase [All Staffing] and keep it solvent." *Compl.*, ¶ 28. At the time that Plaintiff acquired Defendant All Staffing, Defendant Costello was Plaintiff's Chief Operating Officer. *Compl.*, ¶¶ 3, 28.

"Each PEO has its own individual Federal Tax Identification Number (FEIN) which the Internal Revenue Service (IRS) uses for identification." *Compl.*, ¶ 8. "As a PEO, [Plaintiff] Dalrada is required by the IRS to issue W-2, Wage and Tax Statement forms to each employee it provides PEO services to for each year." *Compl.*, ¶ 9. "These W-2 forms must be completed and sent out to employees" by January 31st of the new calendar year. *Compl.*, ¶ 9.

On April 30, 2007, Mercer Ventures, Inc. (Mercer) and Plaintiff executed a services agreement (the DFCO Agreement) through which Mercer agreed to assume responsibility for certain services provided to clients of Plaintiff. *Costello Aff.*, ¶ 3. From May through September 7, 2007, certain clients of Plaintiff operated under the FEIN of ClearPoint HRO, LLC (ClearPoint), a company affiliated with Mercer, under the DFCO Agreement. *Costello Aff.*, ¶ 3.

On September 4, 2007, Plaintiff's assets were seized by a creditor and transferred to Defendant All Staffing to administer. *Compl.*, ¶ 7. At that time, Defendant Costello was named Vice President of Sales and Operations for Defendant All Staffing. *Compl.*, ¶ 3. Thereafter, Defendant All Staffing began to provide PEO services to Plaintiff's former accounts and issue checks under Plaintiff's FEIN. *Compl.*, ¶ 8. As a result of All Staffing's control over Dalrada's accounts, and "[a]s a course of conduct in the PEO industry," Defendant All Staffing "understood and agreed" to provide Plaintiff with "all information and documents necessary" for Plaintiff to complete W-2 forms for its clients even though Defendant All Staffing was administering Plaintiff's accounts. *Compl.*, ¶ 29. Unbeknownst to Defendants All Staffing and Costello, on September 18, 2007, Plaintiff and Mercer terminated all rights and obligations arising under the DFCO Agreement. *Costello Aff.*, ¶¶ 7-8.

1  Plaintiff has repeatedly requested that Defendants provide "complete W-2 forms, or [Plaintiff]
2  Dalrada's accounting data," which Plaintiff needs to prepare W-2 forms for 2007 as required by the
3  IRS. *Compl.*, ¶ 10. Defendants All Staffing and Costello responded to Plaintiff's requests for this
4  information by advising Plaintiff to contact ClearPoint. *Costello Aff.*, ¶ 6. In February, 2008,
5  Defendants "sent" ClearPoint the information requested by Plaintiff, and Defendants contend that
6  Plaintiff "has had the ability to obtain" the information from ClearPoint and Mercer ever since.
7  *Costello Aff.*, ¶ 5. Plaintiff alleges that Defendants have failed to supply information necessary to
8  complete the W-2 forms "despite repeated demands," resulting in Plaintiff's failure "to provide its
9  employees with complete and correct W-2 forms" and failure "to meet the IRS Code deadline."
10 *Compl.*, ¶¶ 11-12. Plaintiff "may be required to pay fines to the IRS for its inadvertent inability to send
11 out full and complete W-2 forms to the employees." *Compl.*, ¶ 18.

## Standard of Review

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a party may bring a motion to dismiss for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Federal Rule of Civil Procedure 19 provides a three-step process for determining whether the court should dismiss an action for failure to join an indispensable party. *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). "First, the court must determine whether the absent party is 'necessary.'" *Id.* (citing FED. R. CIV. P. 19). Second, "[i]f the absent party is 'necessary,' the court must determine whether joinder is 'feasible.'" *Id.* (citing FED. R. CIV. P. 19). "Finally, if joinder is not 'feasible,' the court must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *Id.* (citing FED. R. CIV. P. 19(b)). "Rule 19 uses the word 'indispensable' only in a conclusory sense, that is, a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors in Rule 19(b), it is determined that in his absence it would be preferable to dismiss the action." *Wilbur v. Locke*, 423 F.3d 1101, 1112 (9th Cir. 2005) (quoting *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005)).

"A motion to dismiss for failure to join an indispensable party requires the moving party to bear the burden in producing evidence in support of the motion." *Bigaro Western Sales, Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) (citing *Citizen Band Potawatomi Indian*

1 | *Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

## Discussion

Defendants move to dismiss the complaint on the grounds that Plaintiff failed to join necessary and indispensable parties ClearPoint and Mercer. *Mot. to Dismiss* (Doc. # 4), p. 1. Defendants contend that Mercer and ClearPoint are necessary and indispensable parties because Plaintiff and Mercer signed an agreement (the DFCO agreement) which contemplated transmission and completion of the relevant W-2 forms and IRS tax information to Mercer and/or ClearPoint. Defendants contend that they "may face liability for the nonfeasance or malfeasance of the absent parties," if Mercer and Clearpoint are not joined as parties. *Id.*, p. 6-7.

Plaintiff contends that Mercer and ClearPoint are not necessary or indispensable parties under Rule 19 because "they have no relation to the pending litigation." *Opposition* (Doc. # 6), p. 3. Plaintiff contends that neither Mercer nor ClearPoint is relevant to Defendants' obligation to provide Plaintiff with the relevant tax information and/or completed W-2 forms. Plaintiff further contends that the DFCO Agreement does not mention ClearPoint and/or Mercer, and does not require either to provide Plaintiff with information required to complete the W-2 forms. Even assuming the Court concludes that Mercer and ClearPoint are necessary parties, Plaintiff contends that the action should still proceed among the existing parties pursuant to Rule 19(b) because neither Mercer nor ClearPoint is indispensable. *Id.* at 8.

In evaluating a motion to dismiss for failure to join indispensable parties, a court must first determine whether the alleged indispensable parties are necessary under Rule 19(a). *EEOC*, 400 F.3d at 779. Rule 19(a)(1) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Rule 19(a) "provides that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *Bowen*, 172 F.3d at 688 (citing *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996)). A party is not "necessary" unless the court cannot provide "meaningful" relief in the absence of the party sought to be joined.

Defendants contend that Mercer and ClearPoint are "necessary" parties because the Court cannot accord complete relief among Plaintiff and Defendants without considering the terms of the DFCO Agreement as well as the responsibilities of Mercer and ClearPoint with respect to the relevant W-2 information." *Reply* (Doc. # 7), p. 3. Plaintiff contends that complete relief can be granted because neither Mercer nor ClearPoint nor the DFCO agreement has any bearing on the obligations Defendants allegedly owed to Plaintiff under the facts alleged.

Plaintiff alleges that Defendants All Staffing and Costello wrongfully withheld and/or failed to provide to Plaintiff information Plaintiff needed to fulfill Plaintiff's IRS tax obligations as a PEO. Plaintiff alleges that an implied-in-fact contract, as well as the course of conduct in the PEO industry, obligated Defendants All Staffing and Costello to supply Plaintiff with the relevant tax information which Defendants refused to supply. Though not entirely clear, Defendants appear to contend that the DFCO agreement renders nonparties Mercer and Clearpoint indispensable because Defendants sent Mercer and/or Clearpoint the relevant tax information based on Defendants understanding of the DFCO agreement. In addition, Defendants contend that since they no longer possess the information sought by Plaintiff, the present possessors of the information–Mercer and/or ClearPoint–are indispensable as a matter of law. However, after reviewing the allegations of the Complaint and the DFCO agreement, the Court concludes that (a) the DFCO Agreement has no relevant relationship to Plaintiff's claims, and (b) no Defendant was a party to or named in the DFCO agreement so as to bear upon the alleged relationship between Plaintiff and Defendants as detailed in the Complaint.[1] Furthermore, the alleged possession by Mercer and/or ClearPoint's of potentially relevant evidence does not make either a necessary party. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2nd Cir.

---

[1] "A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *Northrop Corp.*, 705 F.2d at 1043-44.

1999) (quoting *Costello Pub. Co. v. Rotelle*, 670 F.2d 1035 (D.C. Cir. 1981)) ("Rule 19 . . . does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication."). Plaintiff's claims against Defendants arise out of obligations inherent in the alleged relationship between Plaintiff and Defendants, and Defendants have not established how Mercer and/or ClearPoint are necessary to an adjudication of the alleged relationship and obligations between Plaintiff and Defendants. The fact that Defendants may have mistakenly sent ClearPoint and/or Mercer the W-2 information sought by Plaintiff does not support the mandatory joinder of Mercer or ClearPoint.[2]

Based on the allegations of the Complaint and Defendant Costello's affidavit, it appears that Defendants sent relevant W-2 information to ClearPoint and/or Mercer instead of Plaintiff because Defendants believed that the DFCO agreement required the information to be sent to ClearPoint and/or Mercer, and because Defendants did not know that the parties to the DFCO agreement had terminated the DFCO agreement in September, 2007. However, while the DFCO agreement may explain Defendants actions in this case, the Court concludes that Defendants have not met their burden to show that complete relief between Plaintiff and Defendants is impossible without Mercer and/or ClearPoint.[3] Accordingly, and viewing the allegations in the light most favorable to Plaintiff, the Court concludes that it can accord complete relief amongst the parties in this case. Defendants' motion to dismiss is denied.

### Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (Doc. # 4) is **DENIED**.

DATED: 7/15/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

---

[2] Defendants contend that they were not aware that Plaintiff, Mercer, and ClearPoint terminated the DFCO agreement when Defendants sent the relevant tax and W-2 information to Mercer and/or ClearPoint. *Costello Aff.*, ¶¶ 3, 4, 5, 7; (Doc. # 4, Ex. C).

[3] Even assuming Mercer and ClearPoint were necessary parties, Defendants have not met their burden to establish (a) that joinder is not feasible, and (b) that justice would require dismissal. The presence of a venue clause in the DFCO Agreement does not affect the feasibility of joining Mercer and/or ClearPoint in the current action.