Charles A. Reid (SB No. 221306)
Siobhan A. Cullen (SB No. 179838)
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1504
Tel: (213) 253-2300
Fax: (213) 253-2301
charles.reid@dbr.com
siobhan.cullen@dbr.com

*Of Counsel:*
Gregg W. Mackuse
Heather C. Giordanella
William L. Carr
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757

Attorneys for Defendants All Staffing, Inc. and Angela Costello

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALL STAFFING, INC., ANGELA COSTELLO, AND DOES 1-50,<br><br>Defendants. | Case No. 08-CV-0528 WQH POR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ALL STAFFING, INC. AND ANGELA COSTELLO** |

Defendants All Staffing, Inc. ("All Staffing") and Angela Costello ("Costello") (collectively "Answering Defendants"), by their undersigned counsel, respond to the numbered paragraphs of Plaintiff's Complaint as follows:

### GENERAL ALLEGATIONS

1. Admitted.

2. Admitted.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

3.  Admitted in part; denied in part. It is admitted that in an effort to resolve Defendant All Staffing's continued problems with Plaintiff Dalrada, Defendant Costello agreed to serve as Chief Operating Officer of Plaintiff Dalrada. Defendant Costello, however, served in this capacity only for the brief period of August 2007 through September 4, 2007. By way of further answer, Answering Defendants state that Defendant Costello currently serves as the Vice President of Sales and Operations and Chief Operating Officer of Defendant All Staffing. It also is admitted that Defendant Costello is a resident of Pennsylvania. The remaining allegations of this paragraph 3 are denied.

4.  Denied. Defendants lack knowledge sufficient to form a belief as to the allegations of this paragraph 4 except specifically deny that Plaintiff Dalrada has been damaged as alleged in the Complaint.

5.  Admitted in part; denied in part. It is only admitted that Defendant Costello is the Vice President of Sales and Operations and Chief Operating Officer of Defendant All Staffing. It is specifically denied that Defendant All Staffing is an agent, servant, employee and/or joint venturer of Defendant Costello. Answering Defendants are without sufficient knowledge or information to either admit or deny the alleged existence of a relationship between Answering Defendants and Defendants Does 1-50 and reserves the right to supplement their Answer in the event Does 1-50 are identified. By way of further answer, the remaining averments of this paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Answering Defendants engaged in such conduct that would render them liable to Plaintiff Dalrada in any way, jointly and severally or otherwise.

6.  Admitted in part, denied in part. It is only admitted that Plaintiff Dalrada held itself out as a Professional Employer Organization ("PEO") and that, at times, Plaintiff Dalrada provided services to clients such as outsourcing payroll, workers' compensation services and the administration of benefits. Answering Defendants are without sufficient knowledge or information to either admit or deny whether Plaintiff Dalrada performed the above services "in the usual manner" for the period of January 1, 2007 through September 4, 2007. Answering Defendants deny that Defendant All Staffing was owned by Plaintiff Dalrada. To the contrary,

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 2 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

1  Defendant All Staffing and Plaintiff Dalrada executed a Stock Purchase Agreement dated as of
2  September 1, 2006, pursuant to which the parties agreed that Plaintiff Dalrada would purchase
3  Defendant All Staffing's stock and assets only upon the satisfaction of certain conditions
4  precedent. These conditions precedent were never satisfied. By way of further answer, the
5  remaining averments of this paragraph 6 constitute conclusions of law to which no response is
6  required. To the extent a response is required, they are denied.

7      7.    Admitted in part; denied in part. It is admitted that some of Plaintiff Dalrada's
8  assets were seized by a creditor of Plaintiff Dalrada and that the creditor forwarded these assets to
9  Defendant All Staffing for storage. By way of further answer, it is admitted that Defendant All
10 Staffing provided only payroll services to Plaintiff Dalrada for which Defendant All Staffing was
11 to receive payment from Plaintiff Dalrada. Defendant Dalrada, however, never paid Plaintiff All
12 Staffing with respect to this service. The remaining averments of this paragraph 7 are denied.

13     8.    Denied. It is specifically denied that Defendant All Staffing provided PEO services
14 and issued checks under Dalrada's FEIN number since being advised that Plaintiff Dalrada's
15 assets were seized by a secured creditor. By way of further answer, Answering Defendants state
16 that Defendant All Staffing provided only payroll services to Plaintiff Dalrada's clients, such
17 services being at the direction, request, and with full knowledge of Plaintiff Dalrada. By way of
18 further answer, Answering Defendants are without sufficient knowledge or information to either
19 admit or deny the allegation that each PEO has its own Federal Tax Identification Number
20 ("FEIN").

21     9.    Denied. The averments of this paragraph 9 constitute conclusions of law to which
22 no response is required. To the extent a response is required, the averments of this paragraph 9 are
23 denied.

24     10.    Denied. By way of further answer, the communications to which Plaintiff Dalrada
25 refers are contained in writings that are self-explanatory. Answering Defendants also deny that
26 the documents attached to the Complaint as Exhibit "A" represent complete copies of the subject
27 email messages.
28 ///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 3 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

11. Denied as stated. By way of further answer, Answering Defendants state that they provided the information needed to complete W-2 forms directly to Dalrada and its agent, ClearPoint HRO LLC ("ClearPoint"). Upon information and belief, for the period of May 2007 through September 7, 2007, certain clients of Plaintiff Dalrada were operating under the FEIN of ClearPoint pursuant to a services agreement (the "DFCO Agreement") between Mercer Ventures, Inc. ("Mercer") and Plaintiff Dalrada. Answering Defendants provided certain W-2 information directly to Plaintiff Dalrada, as well as ClearPoint, during the pendency of the DFCO Agreement and thereafter. Initially, Answering Defendants were advised by ClearPoint that it did not want to receive W-2 information for the time period of July 1, 2007 through September 7, 2007. In February 2008, however, Answering Defendants provided this additional information to ClearPoint and, upon information and belief, ClearPoint and Mercer are in possession of the information necessary to complete W-2 forms for the period of May 2007 through September 7, 2007, and Dalrada has had the ability to obtain this information from ClearPoint and Mercer. The remaining averments of this paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

12. Denied.

13. Denied.

### FIRST CAUSE OF ACTION

**Conversion**

**(Against all Defendants)**

14. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 13 of the Complaint.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 4 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

## SECOND CAUSE OF ACTION

### Interference With Prospective Economic Advantage

### (Against all Defendants)

20. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

21. Denied.

22. Denied

23. Denied.

24. Denied.

25. Denied.

26. Denied. The averments of this paragraph 26 allege an entitlement to certain relief based on conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Plaintiff Dalrada is entitled to the relief sought in this paragraph 26.

## THIRD CAUSE OF ACTION

### Breach of Implied In Fact Contract

### (Against all Defendants)

27. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 26 of the Complaint.

28. Denied except admit that Defendant All Staffing and Plaintiff Dalrada executed a Stock Purchase Agreement dated as of September 1, 2006, pursuant to which the parties agreed that Plaintiff Dalrada would purchase Defendant All Staffing's stock and assets only upon the satisfaction of certain conditions precedent. Answering Defendants refer to said written Stock Purchase Agreement, which is the entire agreement between the parties, which speaks for itself.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 5 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

1  33. Denied.

## FOURTH CAUSE OF ACTION

### Breach of Contract – Promissory Estoppel

### (Against all Defendants)

34. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 33 of the Complaint.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## FIFTH CAUSE OF ACTION

### Appointment of Receiver

### (Against all Defendants)

41. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 40 of the Complaint.

42. Denied.

43. Denied.

44. Denied. The averments of this paragraph 44 allege an entitlement to certain relief based on conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Plaintiff Dalrada is entitled to the relief sought in this paragraph 44.

45. Denied. The averments of this paragraph 45 allege an entitlement to certain relief based on conclusions of law to which no response is required. To the extent a response is required, it is specifically denied that Plaintiff Dalrada is entitled to the relief sought in this paragraph 45.

///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 6 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

## SIXTH CAUSE OF ACTION

### Claim and Delivery

### (Against all Defendants)

46. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 45 of the Complaint.

47. Denied.

48. Denied. By way of further answer, Answering Defendants state that the communication to which Plaintiff Dalrada refers is contained in a writing that is self-explanatory.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## SEVENTH CAUSE OF ACTION

### Injunctive Relief

### (Against all Defendants)

53. Answering Defendants hereby incorporate by reference each and every response to the allegations contained in paragraphs 1 through 52 of the Complaint.

54. Denied.

Denied.

## ARRIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants All Staffing, Inc. and Angela Costello upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Defendants All Staffing, Inc. and Angela Costello are only liable, if at all, for their respective proportion of fault, which fault is expressly denied.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 7 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

1  ///

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or contractual limitations on actions.

## FIFTH AFFIRMATIVE DEFENSE

Any and all damages suffered by plaintiff resulted solely and entirely from the conduct of individuals or entities over which Defendants All Staffing, Inc. and Angela Costello have no control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any recoverable damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by its own comparative fault and/or misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants All Staffing, Inc. and Angela Costello acted appropriately, lawfully and in good faith at all relevant times, and did not breach any duties owed to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, laches, and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of integration and merger, and by the parol evidence rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred, and/or their recovery of punitive damages reduced, by the applicable provisions of the federal and California constitutions and California statutory law.

///
///
///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 8 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO


### TWELFTH AFFIRMATIVE DEFENSE

Any and all damages suffered by plaintiff resulted solely and entirely from the unauthorized acts of individuals or entities other than Defendants All Staffing, Inc. and Angela Costello.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for attorneys' fees is barred by the applicable provisions of the law of California

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants provided the information needed to complete W-2 forms directly to Dalrada and its agent, ClearPoint. Upon information and belief, for the period of May 2007 through September 7, 2007, certain clients of Plaintiff Dalrada were operating under the FEIN of ClearPoint pursuant to the DFCO Agreement between Mercer and Plaintiff Dalrada. Answering Defendants provided certain W-2 information directly to Plaintiff Dalrada, as well as ClearPoint, during the pendency of the DFCO Agreement and thereafter. Initially, Answering Defendants were advised by ClearPoint that it did not want to receive W-2 information for the time period of July 1, 2007 through September 7, 2007. In February 2008, however, Answering Defendants provided this additional information to ClearPoint and, upon information and belief, ClearPoint and Mercer are in possession of the information necessary to complete W-2 forms for the period of May 2007 through September 7, 2007, and Dalrada has had the ability to obtain this information from ClearPoint and Mercer.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants do not currently have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses or claims available. Answering Defendants expressly reserve the right to assert additional affirmative defenses or claims which come to light as the action progresses.

///

///

///

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 9 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO

1  WHEREFORE, Defendants All Staffing, Inc. and Angela Costello pray that this Court
2  enter judgment in its favor and against Plaintiff Dalrada Financial Corporation on all causes of
3  action in the Complaint, together with attorneys' fees and costs incurred in defending this action,
4  and such other relief as this Court deems appropriate.

Dated: July 28, 2008                              DRINKER BIDDLE & REATH LLP

                                                  By: /s/ Siobhan A. Cullen
                                                      Charles A. Reid
                                                      Siobhan A. Cullen

                                                  Attorneys for Defendants All Staffing,
                                                  Inc. and Angela Costello

                                                  *Of* counsel
                                                  Gregg W. Mackuse
                                                  Heather C. Giordanella
                                                  William L. Carr
                                                  DRINKER BIDDLE & REATH LLP
                                                  One Logan Square
                                                  18th & Cherry Streets
                                                  Philadelphia, PA 19103-6996
                                                  (215) 988-2700

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA01/ 297857.1

- 10 -

Case No. 08-CV-0528 WQH POR
ANSWER AND AFFIRMATIVE
DEFENSES OF ALL STAFFING, INC. AND
ANGELA COSTELLO